## JOSIAH FINNEY vs. THE WARREN INSURANCE COMPANY.

A part owner of a vessel may insure his actual interest therein, though he do not state to the underwriter the nature or extent of such interest. If he own part of a vessel, as administrator, he may insure it without stating the capacity in which he owns. But a part owner, insuring in his own name only, and not mentioning any other owner or person interested, can recover only the amount of his own interest.

One who owns part of a vessel has no insurable interest in the other part thereof, merely by reason of his keeping the accounts, receiving the avails, making the disbursements, and directing the voyages of such vessel.

ASSUMPSIT on a policy of insurance, dated July 22d, 1837, whereby the defendants caused the plaintiff " to be insured, lost or not lost, $ 8000, for one year from date, on brig Heela, valued at $ 8000, against the perils of the sea."

In one count, the plaintiff claimed for an entire loss ; in other counts, for his individual interest in one eighth, and for his interest, as administrator, in three eighths, and for advances. There was also a count for money had and received.

The parties submitted the case to the decision of the court upon these facts : The brig Heela of Plymouth, was built in 1834, by the six persons hereafter named, and was owned by them, and registered in their names, in the following proportions, viz. Elkanah Finney, three eighths, Josiah Finney, the plaintiff, David Finney, and Joseph Allen, one eighth each, Henry Whiting three sixteenths, and John Finney one sixteenth. Elkanah Finney died on the 3d of February, 1837, and during that month administration on his estate was committed to the plaintiff. The plaintiff kept the accounts of the brig, received the avails, made the disbursements, and directed the voyages generally, from the time she was built. In February, 1838, the

brig sustained damages on the coast of Spain, from perils insured against.

The plaintiff, in his application for insurance, did not mention, nor did the defendants inquire, who were interested in said brig; nor did the defendants know who were interested, until after the loss.

On these facts, the court were to decide to what extent the policy attached, and what proportion of the entire loss the plaintiff is entitled to recover; and the damages were to be assessed by an auditor, upon such principles as the court should prescribe.

The defendants, at the opening of the argument, admitted their liability to pay for the one eighth owned by the plaintiff in nis own right.

*Derby*, for the plaintiff. The defendants are liable for the three eighths owned by the plaintiff as administrator. 1 Phil. Ins. 41, and cases there cited. They are also liable for the whole amount insured. The plaintiff had a general interest in the brig; he had the care of her, made disbursements, &c. As joint owner of a part, he is entitled to recover the whole amount insured. *Page* v. *Fry*, 2 Bos. & Pul. 242. *Alsop* v. *Commercial Ins. Co.* 1 Sumner, 468. *Lewis* v. *Rucker*, 2 Bur. 1171. *Lawrence* v. *Van Horne*, 1 Caines, 284. If the plaintiff cannot recover more than one half, then he is entitled to a return of premium for short interest. *Murray* v. *Columbian Ins. Co.* 11 Johns. 302. *Toppan* v. *Atkinson*, 2 Mass. 365.

*Parsons*, for the defendants. The plaintiff can recover only one eighth of the loss, as he did not insure for whom it might concern. He cannot recover by virtue of his general agency as ship's husband; *French* v. *Backhouse*, 5 Bur. 2727; nor as part owner, because he did not describe his interest. *Foster* v. *United States Ins. Co.* 11 Pick. 87. He cannot recover for advances, even if he had made them. *Manfield* v. *Maitland*, 4 Barn. & Ald. 582; *Buchanan* v. *Ocean Ins. Co.* 6 Cow. 318. He had no such possession of the brig as would give him a lien. *Seamans* v. *Loring*, 1 Mason, 139. Nor can he recover the three eighths which he owned as administrator, as he did not disclose the nature of his interest.

2 *

PUTNAM, J.   The case of *Page* v. *Fry*, 2 Bos. & Pul. 242, shows that a tenant in common may insure, and that the genera. averment of his interest in the ship is sustained by evidence of title to an undivided part thereof.   But that case did not decide (as the plaintiff's counsel contended,) that one who owns only a fractional part of a vessel can recover for her full value, where the policy 's upon interest as it shall appear, or as valued.   The amount of damages which the plaintiff is entitled to recover is to be determined by the proof of value.   What was the interest which the plaintiff had in the Heela ?   He was the absolute owner of one undivided eighth part.   For that part, he is entitled to recover.   Elkanah Finney owned three eighths, and the plaintiff was appointed administrator of his estate, before the policy was made ; and we think the plaintiff may recover for those three eighth parts.   He might have made a good and valid abandonment of the property, or have given a legal discharge for the same, upon receiving payment for the loss. And it would make no difference to the defendants whether or not the plaintiff disclosed to them that he held part of the prop erty in his own right, and part of it in trust for others.   It would be sufficient to make out the proof of such interest on the trial. The authorities cited in 1 Phil. Ins. 41, establish the right of the plaintiff to recover thus far, viz. for the loss on one half of the brig.   And he cannot recover any thing more.

The other half of the brig belonged to David Finney and others.   The plaintiff kept the accounts of the brig, received the avails, made the disbursements, and directed the voyages generally, &c.   But these circumstances do not create an insurable interest in that half of the brig.   And the plaintiff had no lien on the brig, to secure any advancements, if any were made ; of which, however, there is no evidence.   As ship's husband, the plaintiff had no right to make insurance for any part owner, without his authority or consent.   That point was determined by Lord Mansfield and his associates in *French* v. *Backhouse*, 5 Bur. 2727.   But this is not, upon the face of the policy, for another part owner, but for the plaintiff himself.   He had no insurable interest in the other half of the brig.   He did

not purpose to effect insurance for the benefit of the other own-
ers, or for whom it might concern, but for himself.    The con-
tract must be construed according to its clear provisions, how
much soever we may regret any mistake which may have arisen
on the part of the plaintiff in procuring the same.

The result is that the plaintiff recovers for the loss as to one
half of the brig, and for a return of premium for short interest,
in respect to the other half; and the cause is committed to an
auditor to assess the damages accordingly.